Vincent Cheng, (Cal. Bar No. 230827)
BLOCK & LEVITON LLP
610 16th Street, Suites 214-216
Oakland, CA 94612
Telephone:   (415) 968-8999
Facsimile:   (617) 507-6020
Email:       vincent@blockesq.com

Peter Romer-Friedman (*pro hac vice motion forthcoming*)
OUTTEN & GOLDEN LLP
601 Massachusetts Avenue NW,
Second Floor West Suite
Washington, D.C. 20001
Telephone:   (202) 847-4400
Facsimile:   (202) 847-4410
Email:       prf@outtengolden.com

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| JAYSON HUNTSMAN, on behalf of themselves and all others similarly situated, | **CLASS ACTION COMPLAINT** |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | **EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1)** |
| SOUTHWEST AIRLINES CO., | |
| Defendant. | |

Plaintiff Jayson Huntsman, on behalf of himself and other similarly situated individuals, by and through his attorneys, alleges as follows:

## INTRODUCTION

1. This is a class action under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*, on behalf of current and former employees of Defendant Southwest Airlines Co. ("Southwest") who took short-term military leave from Defendant Southwest but were not paid their normal wages or salaries by Defendant Southwest during periods of short-term military leave.

2. Since at least October 10, 2004, Defendant Southwest had a policy and practice of continuing to pay its employees' normal wages or salaries during certain leaves-of-absence from their employment with Southwest, but not providing wages or salaries to employees when they take short-term military leave. For example, Southwest has paid and continues to pay wages or salaries to employees who took jury duty leave, bereavement leave, and sick leave, among other types of leave, but not to employees who have taken short-term military leave.

3. By continuing to pay employees their wages and salaries during periods of jury duty, bereavement leave, sick leave, and other comparable forms of leave, while refusing to offer wages or salaries to employees during their short-term military leave, Defendant Southwest has violated USERRA, 38 U.S.C. § 4316(b).

4. USERRA requires military leave to be treated no less favorably than any other forms of comparable leave that an employer provides to its employees. By paying employees who take jury duty leave, bereavement leave, sick leave, and other comparable forms of leave, Southwest was required by USERRA to do the same for its employees who take short-term military leave. By failing to do so, Southwest violated USERRA's mandate to treat military leave no less favorably than other comparable forms of non-military leave.

5. This action seeks a declaration that Southwest violated USERRA by failing to pay Plaintiff and members of the proposed Class during their periods of short-term military leave, an order requiring Southwest to pay its employees during their short-term military leave in the future so long as Defendant continues to provide pay to employees who take other forms of comparable leave, and an order requiring Southwest to pay Plaintiff and members of the Class the wages or salaries they should have earned during their periods of short-term military leave, consistent with the requirements of USERRA.

**JURISDICTION AND VENUE**

6. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, because this action arises under USERRA, a federal law. This Court also has subject matter jurisdiction over the USERRA claim pursuant to 38 U.S.C. § 4323(b)(3), which provides the

CLASS ACTION COMPLAINT - 2

1  district courts of the United States with jurisdiction over any USERRA action brought against a private employer. Southwest is a private employer within the meaning of 38 U.S.C. § 4303(4)(A) because it "pays salary or wages for work performed or [] has control over employment opportunities."

7. Venue is proper in this District under 38 U.S.C. § 4323(c)(2), because Southwest, "the private employer of the person" who has filed this action, "maintains a place of business" in this District at the Oakland International Airport and the San Francisco International Airport, employing thousands of workers at those airports. The Oakland International Airport is one of Southwest's eleven "operating bases" or "hubs" and is one of Southwest's top ten airports by daily departures. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims in this action occurred in this District.

**INTRA-DISTRICT ASSIGNMENT**

8. Assignment of this case to the Oakland Division of this District is proper because a substantial part of the events or omissions giving rise to the claims in this action occurred in Alameda County, as the Oakland International Airport is Southwest's operating base or hub in the San Francisco Bay Area, the Oakland International Airport is one of Southwest's top ten airports by departures, and the vast majority of Plaintiff's flights originate in the Oakland International Airport.

**PARTIES**

9. Plaintiff Jayson Huntsman is and has been employed as a pilot by Southwest since February 2012. Huntsman serves as a First Officer flying 737 passenger airplanes for Southwest. The vast majority of Huntsman's flights originate in the Oakland International Airport, which is located in this District. Following over 12 years of active duty service in the Air Force, Huntsman joined the Air Force Reserves in 2012. Since the time that Huntsman began working for Southwest in February 2012, Huntsman has routinely taken short-term military leave to serve in the Air Force Reserves. Huntsman resides in Sacramento, California.

10. Southwest Airlines Co. is a publicly traded company and, according to Southwest's 2017 annual report, as of September 30, 2017, Southwest was the largest domestic air carrier in the United States, as measured by the number of domestic originating passengers boarded. Southwest currently employs more than 8,600 pilots, 14,500 flight attendants, 12,800 ramp, operations, provisioning and freight agents, 7,400 customer service agents and representatives, and 2,400 mechanics. Southwest is an employer within the meaning of 38 U.S.C. § 4303(4)(A), as it "pays salary or wages for work performed" and "has control over employment opportunities" for Plaintiff and the Class Members.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

> Current or former employees of Southwest Airlines Co. who, during their employment with Defendant, took short-term military leave (which Southwest defines as military leave that lasted 14 days or fewer) from their employment with Southwest Airlines Co. and during such period of short-term military leave did not receive the regular wages or salary that they would have earned had they continued to work their ordinary work schedules, from October 10, 2004 through the date of judgment in this action.

Excluded from the Class are all former or current employees who previously reached settlements with or judgments against Southwest in USERRA actions concerning Southwest's failure to pay wages or salaries during periods of short-term military leave.

**Impracticality of Joinder**

12. The Class is so numerous that joinder of all members is impracticable. According to Southwest's 2017 annual report, Southwest had 8,600 pilots and more than 40,000 employees overall in 2017. According to the Southwest's website, https://careers.southwestair.com/military, Southwest employees include "more than 8,000 Employees who have served or are actively serving" in the military. Southwest's website also explains that the Company engages in active

1 efforts to recruit, hire and employ veterans.  Based on this information, there are at least thousands of former and current Southwest employees who are members of the proposed Class.

13. Southwest currently flies to 99 locations in the United States and 10 other countries.  Based on the varied locations of Southwest's operations through the United States, the members of the Class are geographically dispersed across the country.

**Commonality**

14. The central question in this case, which will generate a common answer, is whether Southwest's policy or practice of failing to pay its employees' wages and/or salaries during periods of short-term military leave violates USERRA, 38 U.S.C. § 4316(b).

15. Plaintiff's claims raise subsidiary common questions, including the following:

(a) whether Southwest maintains a policy or practice of refusing to pay its employees when they take short-term military leave, while paying employees when they take other forms of comparable leave such as jury duty, bereavement leave, and sick leave;

(b) whether under USERRA § 4316(b) short-term military leave is comparable to jury duty, bereavement leave, sick leave, and other forms of leave for which Southwest has provided wages or salaries to its employees;

(c) what relief should be awarded, including injunctive and monetary relief; and

(d) whether Southwest's violations of USERRA were willful, such that it should be required to pay liquidated damages to Plaintiff and the Class Members.

16. Because Southwest adopted and applied a uniform policy or practice of not paying employees when they take short-term military leave, answers to these questions will produce common answers for all members of the Class.

17. As Southwest acted in a uniform, systematic manner with respect to the Class, all members of the Class suffered the same type of injury based on a single policy or practice, and resolving the claims of the Class will be based on common legal and factual questions.  Because Southwest's policy or practice of failing to pay employees when they take short-term military leave, while paying employees when they take other comparable forms of leave, was applied

uniformly to the Class, the issues relating to the relief that Class Members should receive are also common. To the extent that the policy or practice is found to have violated USERRA, the determination of the amounts to be paid to members of the Class will be formulaic and can be readily calculated.

**Typicality**

18.　Plaintiff's claims are typical of the other members of the Class, because the claims challenge a uniform policy or practice by which Southwest failed to pay employees when they take short-term military leave, while paying employees when they take other comparable forms of leave, and because all Class Members all were injured by the same uniform policy or practice.

**Adequacy**

19.　Plaintiff will fairly and adequately protect the interests of other members of the Class.

20.　Plaintiff does not have any conflict with any other member of the Class. Plaintiff understands his obligations as a class representative, has already undertaken steps to fulfill them, and is prepared to continue to fulfill his duties as class representative.

21.　Southwest has no unique defenses against the Plaintiff that would interfere with Plaintiff's representation of the Class.

22.　Plaintiff is represented by counsel with significant experience in prosecuting class action litigation, including class action litigation involving rights and benefits of servicemembers under USERRA.

**Rule 23(b)(1)**

23.　This action can be maintained as a class action under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure. The central question is whether the uniform policy or practice by which Southwest failed to pay its employees when they take short-term military leave, while paying employees when they take other comparable forms of non-military leave, violates USERRA. As a result, prosecution of separate claims by individual members would create the

risk of inconsistent or varying adjudications that would establish incompatible standards of conduct.

24. This action can be maintained as a class action under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure. As a practical matter, resolution of whether Defendant was required under USERRA to pay employees when they take short-term military leave when it also pays employees when they take other comparable forms of non-military leave would be dispositive of that matter for other employees even if they were not parties to this litigation and would substantially impair or impede their ability to protect their interests if they are not made parties to this litigation by being included in the Class.

**Rule 23(b)(2)**

25. This action can also be maintained as a class action under Rule 23(b)(2), as Southwest has acted and/or failed to act on grounds generally applicable to the Class, making declaratory and injunctive relief appropriate with respect to the Class as a whole.

26. Southwest maintained a uniform policy or practice as to all members of the Class. Southwest is alleged to have violated USERRA by refusing to pay employees when they take short-term military leave, while paying employees when they take other comparable forms of non-military leave. As such, Southwest has acted or refused to act on grounds that apply generally to the Class. As a result, final declaratory and injunctive relief is appropriate respecting the Class as a whole.

27. The relief sought consists primarily of (a) a declaration establishing that Southwest has violated USERRA by failing to pay employees when they take short-term military leave, (b) an order requiring Southwest to pay the Class Members the wages or salaries that they should have received during their periods of short-term military leave, consistent with the requirements of USERRA, and (c) an order requiring Southwest to comply with USERRA § 4316(b) in the future. The monetary relief sought either flows from and/or is incidental to the declaratory relief sought, as it flows directly from the ordering of such declaratory relief and can be calculated in a simple, objective, and mechanical manner. Specifically, the amount owed to the Class Members can be

calculated by identifying the wages or salaries the Class Members would have received during their periods of short-term military leave, *i.e.*, their deemed earnings.

**Rule 23(b)(3)**

28. This action can also be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, because the questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient resolution of this controversy.

29. The common questions of law and fact concern whether Southwest's policy of failing to pay employees when they take short-term military leave, while paying employees when they take other comparable forms of leave, violated USERRA. As the members of the Class were all employees of Southwest who took short-term military leave and their compensation was affected by those violations, common questions related to Southwest's liability will necessarily predominate over any individual questions. As the calculation of Class Members' wages and/or salaries during periods of short-term military leave can be readily calculated based on their wage and/or salary rates, and relief primarily consists of a declaration and an order requiring Southwest to pay the Class Members the wages or salaries they are owed consistent with USERRA, common questions as to remedies will likewise predominate over any individual issues.

30. A class action is superior to other available methods for the fair and efficient resolution of this controversy. The common issues will be efficiently resolved in a single class proceeding rather than multiple proceedings. Class certification is a superior method of proceeding in this action, because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's obligations under USERRA and of the remedy that should be provided under USERRA.

31. The following additional factors set forth in Rule 23(b)(3) also support certification.

    a) The members of the Class have a strong interest in a unitary adjudication of the issues presented in this action for the reasons that this case should be certified under Rule

23(b)(1). Additionally, many members of the Class are unlikely to have sufficient damages to justify pursuing an individual action in federal court or to obtain counsel to pursue an individual action, but all Class Members would benefit from a class action that obtains relief for all members of the Class.

b) No other litigation concerning Plaintiff's claim that Southwest should have paid its employees when they take short-term military leave has been filed by any other members of the Class.

c) This is an appropriate forum for these claims because, among other reasons, jurisdiction and venue are proper, Oakland is a hub for Southwest, Oakland is one of Southwest's top ten airports by departures, and Southwest has substantial operations in San Francisco, and therefore a significant portion of the Classes work and/or reside in this District. In addition, in another action in this District, Plaintiff Huntsman and Southwest recently litigated and settled another class action that involved Plaintiff's claim that he and other Southwest pilots should have accrued sick leave when they took short-term military leave.

d) There are no difficulties in managing this case as a class action.

**FACTUAL ALLEGATIONS**

**Southwest's Policy and Practice Regarding Military Leave**

32. When a servicemember employee of Southwest takes military leave, including short-term military leave (*i.e.*, defined by Southwest as leave that lasts no more than 14 days), Southwest does not continue to pay the employee's wages and/or salary. However, when an employee of Southwest is required to be absent from his or her employment at Southwest for any one of a number of non-military reasons, including that the employee is required to perform jury service, has fallen ill, or needs to address the death of a family member, Southwest continues to pay the employee's wages and/or salary during his or her absence.

33. Since at least October 10, 2004 Defendant has maintained a policy or practice of failing to pay employees their regular wages or salaries when they take short-term military leave,

while continuing to pay employees their regular wages or salaries when they take other comparable forms of non-military leave, such as jury duty, bereavement leave, and/or sick leave.

**USERRA Required Southwest to Provide the Same Rights and Benefits to Employees Who Took Short-Term Military Leave as Employees Who Took Comparable Forms of Leave**

34. USERRA § 4316(b)(1) provides in relevant part that "a person who is absent from a position of employment by reason of service in the uniformed services shall be"

> (A) deemed to be on furlough or leave of absence while performing such service; and
> 
> (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service.

38 U.S.C. § 4316(b)(1).

35. Accordingly, if an employer provides non-seniority rights and benefits to similarly situated employees, including compensation, USERRA § 4316(b)(1) requires the employer to provide the same rights and benefits to employees during their military leave. *See id*.; 20 C.F.R. § 1002.150(a). As the Department of Labor's implementing regulations state, the "most significant factor to compare" two types of leave to determine if they are a "comparable form of leave" under USERRA is "the duration of the leave." 20 C.F.R. § 1002.150(b). In addition, "other factors such as the purpose of the leave and the ability of the employee to choose when to take the leave should also be considered." *Id*.

**Southwest Fails to Pay Employees When They Took Short-Term Military Leave**

36. Pursuant to Southwest's policy or practice of refusing to pay employees their regular wages or salaries during periods of short-term military leave, Southwest failed to pay Plaintiff and the members of the Class their regular wages or salaries during each period in which they took short-term military leave.

37.     Upon information and belief, since at least October 10, 2004, Southwest paid its employees their regular wages or salaries while they were on leave from their employment with Southwest because of jury duty, bereavement leave, and sick leave.

38.     Jury duty, sick leave, and bereavement leave are comparable to short-term military leave in terms of the duration of these forms of leave and the involuntary nature of the leave.

39.     For employees of Defendant, the duration of jury duty leave, sick leave, bereavement leave is comparable to the duration of short-term military leave.  Each of these types of leaves most commonly lasts several days, and usually not more than a couple of weeks.

40.     In the case of jury duty, sick leave, bereavement leave, and short-term military leave, the leave is ordinarily involuntary.  Jury duty is required by federal, state, or local law.  Sick leave occurs due to a short-term, involuntary medical condition that prevents the employee from working.  And short-term military leave occurs due to an employee's legal obligation to perform military service in the Armed Forces.

41.     In addition, the purpose of jury duty is the same as short term military leave: to perform service for our government and to engage in public service for the benefit of our society.

42.     Southwest's policy or practice of refusing to pay employees their wages or salaries when they take short-term military leave, while continuing to pay employees their wages or salaries when they take other comparable forms of non-military leave, violates USERRA § 4316, because Defendant denies its employees a non-seniority right or benefit that it provides to similarly situated employees who are on furlough or leave of absence.  38 U.S.C. § 4316(b).

43.     This policy has unlawfully denied Southwest's employees the regular wages or salaries that they should receive when they engage in short-term military leave compared to employees who continue to receive their regular wages or salaries when they engage in jury duty, bereavement leave, sick leave, or other comparable forms of non-military leave.

**Plaintiff's USERRA-Protected Military Leave**

44.     Since his employment at Southwest began in 2012, Plaintiff took dozens of periods of short-term military leave, including in 2012, 2013, 2014, 2015, 2016, 2017, and 2018, that

qualified as service in the uniformed services within the meaning of USERRA, 38 U.S.C. § 4303(13).

45. During the time that Plaintiff took short-term military leave, Southwest did not pay Plaintiff his regular wages.

## COUNT I

### VIOLATION OF USERRA, 38 U.S.C. § 4316(b)(1)

46. Plaintiff hereby repeats and incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

47. USERRA, 38 U.S.C. § 4316(b)(1), provides that "a person who is absent from a position of employment by reason of service in the uniformed services shall be (A) deemed to be on furlough or leave of absence while performing such service; and (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service."

48. The U.S. Department of Labor's regulations that implement and interpret USERRA § 4316(b)(1), provide that "[i]f the non-seniority benefits to which employees on furlough or leave of absence are entitled vary according to the type of leave, the employee must be given the most favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services." 20 C.F.R. § 1002.150(b). The "duration of leave" "may be the most significant factor" to determine whether two forms of leave are comparable, and other relevant factors include "the purpose of the leave and the ability of the employee to choose when to take the leave." *Id.*

49. As described above, Southwest has maintained a policy or practice of failing to pay employees their regular wages or salaries when they take short-term military leave, while continuing to pay employees their wages or salaries when they take other comparable forms of non-military leave such as jury duty, bereavement leave, and sick leave.

50. As described above, these forms of leave—jury duty, bereavement leave, and sick leave—are comparable to short-term military leave in terms of the duration, purpose, and/or the ability of the employee to determine whether to take the leave.

51. By adopting and applying a uniform policy or practice of not paying Class Members when they took short-term military leave, Southwest denied Class Members the same rights and benefits, including compensation, that Southwest provided to employees who took comparable forms of non-military leave, including jury duty leave, bereavement leave, and sick leave, and Southwest failed to provide Class Members the most favorable treatment accorded to employees who took comparable forms of non-military leave. By doing so, Southwest violated and continues to violate USERRA § 4316(b)(1).

52. Due to Southwest's failure to comply with USERRA § 4316(b)(1), Plaintiff and other members of the Class received lower wages, salaries, and compensation than they would have received had Southwest complied with USERRA and the Department of Labor's implementing regulations.

53. Upon information and belief, Southwest's violation of USERRA § 4316(b)(1) was willful. Accordingly, Southwest should be required to pay liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Southwest on all claims and respectfully requests that this Court award the following relief:

A. Declare that Southwest's policy or practice by which Southwest failed to pay its employees' regular wages, salaries, or compensation during periods of short-term military leave, while providing regular wages, salaries, or compensation to employees when they took other comparable forms of non-military leave, violated the rights of Plaintiff and the Class Members under USERRA § 4316(b);

B. Declare that Southwest's violations of USERRA were willful under 38 U.S.C. § 4323(d)(1)(C);

C. Declare that Southwest must pay its employees' regular wages, salaries, or compensation during periods of short-term military leave;

D. Require Southwest to comply with USERRA § 4316(b) by paying Plaintiff and the Class Members their regular wages, salaries, and/or compensation during periods of short-term military leave in the future;

E. Require Southwest to pay Plaintiff and the Class Members the wages, salaries, and/or compensation they should have received for periods of short-term military leave, as well as any non-elective 401(k) contributions that should have been made as a percentage of employees' wages or salaries, in accordance with USERRA and the Court's declaration;

F. Order Southwest to pay all members of the Class liquidated damages in an amount to be determined at trial, 38 U.S.C. § 4323(d)(1)(C);

G. Award pre-judgment and post-judgment interest on any monetary relief awarded or required by order of this Court;

H. Require Defendant to pay attorneys' fees, expert witness fees, litigation expenses and costs pursuant to 38 U.S.C. § 4323(h) and/or order the payment of reasonable fees and expenses in this action to Plaintiff's Counsel based on the common benefit and/or common fund doctrine out of any money or benefit recovered for the Class in this Action; and

I. Grant such other and further relief as the Court deems proper, just and/or equitable.

**JURY TRIAL DEMAND**

Pursuant to Federal Rule of Civil Procedure 38 or any similar rule or law, Plaintiff demands a trial by jury for all causes of action and issues for which trial by jury is available.

Dated: January 7, 2019                                  Respectfully submitted,

By:   /s/ Vincent Cheng
     Vincent Cheng, (Cal. Bar No. 230827)
     BLOCK & LEVITON LLP
     610 16th Street, Suites 214-216
     Oakland, CA 94612
     Telephone: (415) 968-8999
     Email: vincent@blockesq.com

R. Joseph Barton (Cal. Bar No. 212340)
BLOCK & LEVITON LLP
1735 20th Street NW
Washington, DC 20009
Tel: (202) 734-7046
Fax: (617) 507-6020
Email: jbarton@blockesq.com

Peter Romer-Friedman (*pro hac vice motion forthcoming*)
OUTTEN & GOLDEN LLP
601 Massachusetts Avenue NW,
Second Floor West Suite
Washington, D.C. 20001
Telephone:   (202) 847-4400
Facsimile:   (202) 847-4410
Email:       prf@outtengolden.com

Matthew Z. Crotty (*pro hac vice motion forthcoming*)
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave, Suite 409
Spokane, WA 99201
Telephone:   (509) 850-7011
Email:       matt@crottyandson.com

Thomas G. Jarrard (*pro hac vice motion forthcoming*)
LAW OFFICE OF
THOMAS JARRARD PLLC
1020 N. Washington Dt.
Spokane, WA  99201
Telephone:   (425) 239-7290
Facsimile:   (509) 326-2932
Email:       Tjarrard@att.net

*Attorneys for Plaintiff and the Proposed Class*