DOUGLAS J. FARMER, CA Bar No. 139646
douglas.farmer@ogletree.com
BRIAN D. BERRY, CA Bar No. 229893
brian.berry@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA 94111
Telephone:  (415) 442.4810
Facsimile:   (415) 442.4870

KRISTIN S. HIGGINS (*Pro Hac Vice*)
kristin.higgins@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Preston Commons West
8117 Preston Road, Suite 500
Dallas, TX 75225
Telephone:  (214) 987-3800
Facsimile:   (214) 987-3927

Attorneys for Defendant
SOUTHWEST AIRLINES CO.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAYSON HUNTSMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>Defendant. | Case No. 4:19-cv-00083-PJH<br><br>**DEFENDANT SOUTHWEST AIRLINES CO.'S REVISED ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO THIS COURT'S FEBRUARY 2, 2021 ORDER** |

1   Pursuant to Local Rules 7-11 and 79-5 of the Northern District of California and this
2   Court's February 2, 2021 Order Granting Motion for Class Certification and Denying Motion to
3   File Under Seal ("Class Certification Order") (ECF 95), Defendant Southwest Airlines Co.
4   ("Southwest") submits this revised administrative motion to file under seal portions of its
5   Opposition to Plaintiff's Motion for Class Certification and supporting papers.
6   The Class Certification Order denied without prejudice Southwest's original administrative
7   motion to seal various documents that Plaintiff had designated "Confidential" under the protective
8   order governing discovery in this case. ECF 95 at 26-27. In denying the motion, the Court
9   explained that Southwest's authorities related to an employee's privacy interests related to certain
10  records do not support sealing many of the documents, and noted that Plaintiff failed to file a
11  declaration to support the request to seal his documents. *Id.* at 28-29. The Court noted that "[a]
12  review of each document to be sealed confirms that, aside from the personal financial information,
13  the material does not meet the compelling reasons standard or is not narrowly tailored." *Id.* at 28.
14  The Court further explained that "Exhibit B to the Berry Declaration meets the compelling reason
15  standard with respect to plaintiff's tax information but does not with regard to his dates of service."
16  *Id.* at 28-29. Although the Court denied the original motion to seal, it did so without prejudice for
17  re-filing the motion within 14 days. *Id.* at 29
18  After the Court issued its order, the Parties met and conferred on February 9, 2021, to
19  discuss a plan for re-filing the administrative motion and supporting papers. Declaration of Brian
20  D. Berry, filed concurrently herewith ("Berry Revised Sealing Decl.") ¶ 3. The Parties agreed that
21  Plaintiff would provide a set of lesser redacted materials and propose a joint filing that addressed
22  the Court's comments on whether certain materials met the "compelling reasons" standard. *Id*.
23  On February 16, 2021, Plaintiff's counsel sent Southwest's counsel a set of lesser redacted
24  materials for filing conditionally under seal along with a draft joint motion to seal. *Id.* ¶ 5.
25  Now, along with the instant administrative motion, Southwest is lodging conditionally
26  under seal the lesser redacted Exhibits and Opposition brief that Plaintiff's counsel provided on
27  February 16, 2021. *See* L.R. 79-5(e); Berry Revised Sealing Decl. ¶ 8. The Court has already
28  concluded that Plaintiff's tax information satisfies the "compelling interest" standard based on

Southwest's original administrative motion to seal.  *See* ECF 95 at 28-29.  For any other document, it is Plaintiff's responsibility to supply a declaration that justifies sealing.  L.R. 79-5(e)(1), 79-5(d)(1)(A).

Importantly, Southwest declined to join Plaintiff's proposed joint motion to seal because it contained several meritless arguments – which presumably Plaintiff will now make in a separate declaration or brief:

First, Plaintiff asserted that the dates of his military service, as reflected in his military records, should be sealed because they are financial records and because they are only tangentially related to the merits of the case.  Berry Revised Sealing Decl. ¶ 6.  But Plaintiff's argument is inconsistent with the Court's Class Certification Order, which noted the lack of compelling reasons to seal his "dates of service."  *Id.* at 28-29.  Also, Plaintiff cannot plausibly contend that his military service dates are financial records in any ordinary sense of the term because these records do not disclose any amount of money that the military paid him.  Nor are the dates of his military service tangential to the merits of the case.  As this Court recognized, one of the essential elements of a claim under section 4316(b) of USERRA is that the employer was absent for work "by reason of service in the uniformed services."  ECF 95 at 18; 38 U.S.C. 4316(b).  Perhaps no evidence is more important to the proof of this element than the military's own records showing the dates of his service.  Finally, it is telling that even Plaintiff does not seek to seal scores of military service dates that he recited in a non-Confidential exhibit that reflects dates on his PCARS military service records.  *See* ECF 84-11 (Berry Decl., Ex. C); Berry Revised Sealing Decl. ¶ 9.

Second, Plaintiff asserted that his purported fear of intimidation or retaliation justifies sealing the dates of service in his military records simply because Southwest sought his military service records in response to this lawsuit.  Berry Revised Sealing Decl. ¶ 6.  This is a red herring.  Southwest's legitimate interest in these records is clear given the elements of a claim under section 4316(b) of USERRA, as explained above.  Also, because Plaintiff's dates of service played a central role in Southwest's Opposition to Class Certification,  ECF 95 at 21-25, Plaintiff cannot genuinely assert that Southwest has used his military service records in this litigation for any scandalous or improper purpose.  Finally, Plaintiff's embarrassment about the disparity between his

military service dates and the dates he told Southwest he was serving in the military is not a compelling reason to seal his military service dates.  *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.")

At bottom, Southwest does not oppose the sealing of these records if Plaintiff can provide a declaration that states an overriding privacy interest that satisfies the applicable "compelling reason" standard.  *See* ECF 95 at 27 (citing *A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020); *Yan Mei Zheng v. Toyota Motor Corp.*, 2019 WL 6841324, at *1 (N.D. Cal. Dec. 16, 2019) (collecting cases); *S v. Quincy Bioscience, LLC*, 2017 WL 6405612, at *2 (N.D. Cal. Dec. 15, 2017).)  But Southwest does not agree that Plaintiff can satisfy his burden by discounting the importance of his military service records, by mischaracterizing records of his military service dates as financial records, or by filing a self-serving declaration suggesting that Southwest has some pernicious interest in his military service records that is unrelated to this litigation.

Southwest also requests leave to file the unredacted versions of Exhibit C to the Berry Declaration (ECF 84-11) and the text of the Freed Declaration (ECF 84-5).  These documents were subject to Southwest's original motion to seal, but Plaintiff has represented subsequently that these documents do not need to be placed under seal.  *See* Berry Revised Sealing Decl. ¶ 9.  Although Plaintiff is not seeking to seal the text of the Freed Declaration, he is requesting an order sealing Exhibits 1 and 2 to the Freed Declaration.  *See* Berry Revised Sealing Decl. ¶¶ 8(d), (e).

DATED:  February 17, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Brian D. Berry*
    DOUGLAS J. FARMER
    BRIAN D. BERRY
    KRISTIN S. HIGGINS
    Attorneys for Defendant
    SOUTHWEST AIRLINES CO.

46075427.1

3   Case No. 4:19-cv-00083-PJH
SOUTHWEST'S REVISED ADMINISTRATIVE MOTION TO FILE UNDER SEAL