DOUGLAS J. FARMER, CA Bar No. 139646
douglas.farmer@ogletree.com
BRIAN D. BERRY, CA Bar No. 229893
brian.Berry@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:     (415) 442.4810
Facsimile:      (415) 442.4870

KRISTIN S. HIGGINS (*Pro Hac Vice*)
kristin.higgins@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Preston Commons West
8117 Preston Road, Suite 500
Dallas, TX 75225
Telephone:     (214) 987-3800
Facsimile:      (214) 987-3927

Attorneys for Defendant
SOUTHWEST AIRLINES CO.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAYSON HUNTSMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>Defendant. | Case No. 4:19-cv-00083-PJH<br><br>**DECLARATION OF BRIAN D. BERRY IN SUPPORT OF DEFENDANT SOUTHWEST AIRLINES CO.'S REVISED ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO THIS COURT'S FEBRUARY 2, 2021 ORDER** |

**DECLARATION OF BRIAN D. BERRY**

I, Brian D. Berry, hereby declare and state:

1. I am a Shareholder at Ogletree Deakins, Nash, Smoak, and Stewart, P.C. and counsel of record for SOUTHWEST AIRLINES CO. ("Southwest") in this action. I am an attorney duly licensed to practice law in the State of California as well as in the United States District Court for the Northern District of California. I have personal knowledge of the facts set forth in this declaration, and I could and would competently testify to these facts if called upon to do so.

2. The documents and information that are subject to Southwest's revised administrative motion to seal, filed concurrently herewith, have been designated "Confidential" by Plaintiff under the terms of the protective order governing discovery in this case.

3. After the Court issued its February 3, 2021, order denying without prejudice Southwest's original administrative motion to seal materials filed in support of its opposition to Plaintiff's motion for class certification, counsel for the parties met and conferred telephonically on February 9, 2021 regarding a plan for re-filing the administrative motion to seal and supporting papers. The attendees of this call were my colleague Kristin Higgins and I for Southwest and Michael Scimone and Michael Danna for Plaintiff.

4. On the call, the Parties agreed that Plaintiff would provide a set of lesser redacted materials and propose a joint filing that addressed the Court's comments on whether certain materials met the "compelling reasons" standard for sealing documents.

5. On February 16, 2021, Plaintiff's counsel sent me and my colleagues a set of lesser redacted materials for filing conditionally under seal along with a draft joint motion to seal.

6. Plaintiff's draft motion argued that the Court should seal records of Plaintiff's military service dates for several reasons, including that the documents are financial records, that the documents are not closely related to the merits of the case, and that Plaintiff believes Southwest's interest in these documents arises from an interest in intimidation or retaliation.

7. I promptly informed Plaintiff's counsel that Southwest disagreed with these assertions. The Parties then agreed that Southwest would file its own administrative motion to

seal, and Plaintiff would separately file a supporting declaration.

8. The set of lesser redacted materials that Plaintiff's counsel sent me on February 16, 2021, and that are subject to Southwest's revised administrative motion to seal, are the following:

a. A redacted version of Southwest's Opposition to Plaintiff's Motion for Class Certification;

b. A redacted version of Exhibit A, which contains excerpts to Plaintiff's deposition testimony.  The redactions cover testimony related to Plaintiff's "PCARS" military service record (located at P00009-15 in Exhibit B), and testimony related to a photograph of a conference room at Travis Air Force Base with servicemembers sitting at a table (located at P000026 in Exhibit B);

c. A redacted version of Exhibit B, which contains various documents produced by Plaintiff in this litigation.  The redactions cover Plaintiff's W-2 tax forms (P00003-08), Plaintiff's "PCARS" military service record (P00009-15), a Reserve Order from the Air Force (P000016), a military service history report (P000017), and a photograph of a conference room at Travis Air Force Base with servicemembers sitting at a table (located at P000026);

d. A redacted version of Exhibit 1 to the Declaration of John Freed.  The redactions cover the document with bates label SWA-HUNTSII 009251 in its entirety.  The document is entitled "Active Duty Statuses" and states dates of military service for Plaintiff in 2017 and 2018.  (Note that the block box at the top of page SWA-HUNTSII 00928 of Exhibit 1 appears in the original production and is not subject to this motion to seal);  and

e. A redacted version of Exhibit 2 to the Declaration of John Freed.  The redactions cover the document with bates label SWA-HUNTSII 009254-55 in its entirety. The document is a calendar with military service date information for Plaintiff in 2017 and 2018. (Note that the block box at the top of page SWA-HUNTSII 009252 of Exhibit 2 appears in the original production and is not subject to this motion to seal).

9.   On February 16, 2021, Plaintiff's counsel also represented that Plaintiff is not proposing any redactions for two documents that were subject to Southwest's original administrative motion to seal – specifically, Exhibit C to the Berry Declaration (ECF 84-11) and the text of the Freed Declaration (ECF 84-5).  Exhibit C is a document that Plaintiff produced in this litigation in which he identifies whether various dates of leaves in Southwest's records appear or do not appear in his military PCARS record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of February, 2021.

_____
Brian D. Berry

46075413.1