UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAYSON HUNTSMAN,

    Plaintiff,

    v.

SOUTHWEST AIRLINES CO.,

    Defendant.

Case No. 19-cv-00083-PJH

**DISCOVERY ORDER**

Re: Dkt. No. 127

Before the court is a joint discovery dispute letter concerning plaintiff's requests for production of documents ("RFPs") numbers 9-14. Having read the parties' positions and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby **SUSTAINS** defendant's objections.

**Background**

On February 3, 2021, the court granted plaintiff's motion to certify a national class defined as:

> current or former employees of Southwest Airlines Co. who, during their employment with Southwest at any time from October 10, 2004 through the date of judgment in this action, have taken short-term military leave from their employment with Southwest (i.e., military leave that lasted 14 days or fewer) and were subject to a [collective bargaining agreement ("CBA")], except for employees subject to the agreement between Southwest and Transport Workers Union Local 550 covering meteorologists.

Dkt. 95. Now, the parties dispute the appropriate scope of plaintiff's discovery. Plaintiff contends that his RFPs numbers 9-14 seek documents that relate to Southwest's practices for verifying military leave. Defendant disagrees with plaintiff's characterization

of these RFPs, posing instead that the requests are both irrelevant and disproportional to the needs of the case. Each of the six requests is considered in turn.

**Discussion**

    **A.    Request for Production No. 9**

RFP number nine was included in plaintiff's third request for production of documents, served February 12, 2021.[1] Ex. A. Plaintiff contends that this request relates to Southwest's practices for verifying leaves through communications with employees. Defendant argues that this request, seeking evidence unrelated to dates of military service for short-term military leave, overreaches. The court agrees with defendant. Plaintiff is not entitled to discovery of complaints and grievances on all potential USERRA violations given the short-term military leave at issue here.

    **B.    Request for Production No. 10**

RFP number 10 was included in plaintiff's third request for production of documents, served February 12, 2021.[2] Ex. A. Plaintiff contends that this request relates to whether Southwest evaluated Mr. Huntsman's suggestion in 2017 that it conduct a third-party audit of its USERRA policies. Defendant objects, arguing that this request is overbroad and unrelated to the short-term military leave at issue here. Defendant agrees, however, to produce documents that relate to any similar USERRA claim (i.e., an assertion that military leave is comparable to other forms of leave like sick leave, bereavement, or jury duty). The court agrees with defendant's proposed scope of

---

[1] RFP number nine seeks "Documents relating to any complaints or grievances made to Southwest by any Southwest employee regarding Southwest's policies, practices, or protocols for verifying employees' eligibility for leave from work necessitated by reason of service in the 'uniformed services' (as that term is defined by 38 U.S.C. § 4303(16)), between October 10, 2004 and the present."

[2] RFP number 10 seeks "All documents relating to any request or proposal made by representatives of SWAPA and/or members of the Military Resolution Board that Southwest undertake a review of its employment policies for compliance with USERRA in cooperation with an outside party, including but not limited to Southwest's response to those requests. See Huntsman Tr. 52:21-54:21. This request calls for documents that would ordinarily fall within attorney-client privilege or the work product doctrine to the extent that Southwest asserts that the deliberations and opinions of its counsel form a part of its allegation that Southwest acted in good faith in attempting to comply with USERRA. See Answer, Fourth & Twenty-Fifth Affirmative Defenses."

1  production—plaintiff is not entitled to discovery on all potential USERRA violations by the
2  airline where the certified class is focused on an alleged failure to pay for short-term
3  leave.

### C. Request for Production No. 11

RFP number 11 was included in plaintiff's fourth request for production of documents, served May 7, 2021.[3]  Ex. B.  Plaintiff contends that this request relates to whether Southwest evaluated Mr. Huntsman's suggestion in 2017 that it conduct a third-party audit of its USERRA policies.  Defendant argues that this request, in attempting to discover potential knowledge of USERRA requirements more broadly than the short-term pay at issue, is overbroad.  However, defendant reports having disclosed seven document custodians whose ESI should be subject to review for responsive documents.  Plaintiff argues that the list of seven individuals is incomplete compared to the 13 potential custodians he identifies.  Defendant's disclosure of a "first-phase" review of ESI is appropriate here, particularly given the large number of responsive documents (over 47,000 at this stage).  The court agrees with defendant's proposed course of production.

### D. Request for Production No. 12

RFP number 12 was included in plaintiff's fourth request for production of documents, served May 7, 2021.[4]  Ex. B.  Plaintiff contends that this request relates to Southwest's practices for verifying leaves through communications with employees.  Defendant objects to this request as overbroad where it seeks all communications with employees on military leave, regardless of the subject matter or nature of the communication.  The court agrees with defendant.  Plaintiff is not entitled to all

---

[3] RFP number 11 seeks "All electronic communications and attachments thereto that relate to the January 26, 2017 Military Review Board meeting held between Southwest and the Southwest Airlines Pilots Association ("SWAPA") or to the subjects discussed at that meeting."
[4] RFP number 12 seeks "All electronic communications and attachments thereto that refer to or reflect presentations, data, survey results, or other information that were used at or prepared for the November 9, 2016 or January 26, 2017 Military Review Board meetings held between Southwest and SWAPA, or that were used at or prepared for Jayson Huntsman's presentation to Southwest personnel in or about June of 2016, which related to Southwest employees' communications to pilots taking military leave."

communications with employees taking military leave without a subject-matter limitation.

### E.     Request for Production No. 13

RFP number 13 was included in plaintiff's fourth request for production of documents, served May 7, 2021.[5]  Ex. B.  Plaintiff contends that this request relates to Southwest's practices for verifying leaves through communications with employees. Defendant objects to this request as overbroad where it seeks all notifications to Southwest that a pilot was taking military leave, regardless of the subject matter or nature of the communication.  The court agrees with defendant.  Plaintiff is not entitled to all communications with employees taking military leave without a subject-matter limitation.

### F.     Request for Production No. 14

RFP number 14 was included in plaintiff's fourth request for production of documents, served May 7, 2021.[6]  Ex. B.  Plaintiff contends that this request relates to Southwest's practice for verifying leaves through communications with the military. Defendant objects to this request as overbroad and not proportional to the needs of the case, but it still agrees to conduct a phased search of its custodians' data for responsive documents.  The court agrees with defendant's phased approach.

On this and the other discovery requests, the parties note their disagreement regarding the use of search terms to limit the scope of ESI review.  Southwest's approach to using keyword searches and technology-assisted review in tandem does not offend the court's expectation that the parties conduct a reasonable inquiry as required by the rules.

---

[5] RFP number 13 seeks "All electronic communications and attachments thereto in the possession or custody of the participants in the November 9, 2016 or January 26, 2017 Military Review Board meetings held between Southwest and SWAPA or Jayson Huntsman's June 2016 presentation that constitute or relate to communications between Southwest and its employees regarding military leave or to any information exchanged between Southwest and its employees in connection with any request for military leave."

[6] RFP number 14 seeks "All electronic communications and attachments thereto in the possession or custody of the participants in the November 9, 2016 or January 26, 2017 Military Review Board meetings held between Southwest and SWAPA or Jayson Huntsman's June 2016 presentation that constitute or relate to any communications or any branch of the "uniformed services" (as that term is defined by 38 U.S.C. § 4303(16)), or with any other government office or agency, including but not limited to the Employer Support of the Guard and Reserve, regarding Southwest employees' military leaves.  The timeline of this request is April 1, 2016 to present."

**Conclusion**

For the reasons stated above, the court **SUSTAINS** defendant's objections. The court certified the class on the narrow issue of payment for short-term USERRA leave, not for all potential USERRA violations. The size of the class and the lengthy class period already make for a large and burdensome record of discovery, and the court does not see at this point a need to expand the scope of the case. Plaintiff's requests to compel production are **DENIED**.

**IT IS SO ORDERED.**

Dated: August 10, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge