DOUGLAS J. FARMER, CA Bar No. 139646
douglas.farmer@ogletree.com
BRIAN D. BERRY, CA Bar No. 229893
brian.Berry@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:    415.442.4810
Facsimile:    415.442.4870

KRISTIN S. HIGGINS (*Pro Hac Vice*)
kristin.higgins@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Preston Commons West
8117 Preston Road, Suite 500
Dallas, TX 75225
Telephone:  (214) 987-3800
Facsimile:  (214) 987-3927

Attorneys for Defendant
SOUTHWEST AIRLINES CO.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYSON HUNTSMAN, on behalf of himself and all others similarly situated,<br><br>           Plaintiff,<br><br>      v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>           Defendant. | Case No. 4:19-cv-00083-PJH<br><br>**JOINT STIPULATED REQUEST FOR SUBPOENA TO THE UNITED STATES DEPARTMENT OF DEFENSE SIGNED BY DISTRICT COURT JUDGE, AND TO SUPPLEMENT THE PROTECIVE ORDER GOVERNING DISCOVERY AND ORDER** |

Plaintiff Jayson Huntsman, on behalf of himself and the class ("Plaintiffs"), and Defendant Southwest Airlines Co. ("Southwest"), hereby stipulate and agree to the following joint request for the Court (i) to authorize and sign a subpoena for documents to the Department of Defense ("DOD"), (ii) to authorize and sign a subpoena for deposition by written questions that requires the DOD to respond to a set of interrogatories related to the documents that are subject to the document subpoena, and (iii) to amend the Protective Order governing discovery in this case to include a separate Acknowledgment that addresses the handling of data obtained from the DOD in response to the document subpoena:

WHEREAS, on January 7, 2019, Plaintiff initiated the above-captioned action by filing an original complaint in this Court alleging a single claim for violation of USERRA, 38 U.S.C. § 4316(b)(1).  ECF 1.

WHEREAS, the complaint alleges that Southwest has violated Section 4316(b)(1) by not paying employees their regular wages or salaries when they take "short-term military leave," which the complaint defines as a military leave of 14 days or fewer, while paying employees their regular wages or salaries when they take allegedly "comparable" forms of non-military leave such as jury duty, bereavement leave, and sick leave.  ECF No. 1 (Complaint ¶¶ 14, 49-51).

WHEREAS, on February 3, 2021, the Court granted Plaintiff's motion for class certification and certified a class of:

> current or former employees of Southwest Airlines Co. who, during their employment with Southwest at any time from October 10, 2004 through the date of judgment in this action, have taken short-term military leave from their employment with Southwest (i.e., military leave that lasted 14 days or fewer) and were subject to a [collective bargaining agreement ("CBA")], except for employees subject to the agreement between Southwest and Transport Workers Union Local 550 covering meteorologists.

ECF 95 at 2.

WHEREAS, on July 12, 2021, the Court issued an order granting the Parties' proposed Class Notice Plan.  ECF 125.  Under the Class Notice Plan, the administrator is sending class notice in two phases.  For the first phase, the Court instructed the administrator to send the class notice to the employees who took "short term military leave" during the class period based on

Southwest's available leave and scheduling data. *Id.* at 3.  The notice period for the first phase expired on August 27, 2021, at which point the 2,741 class members for the first phase were identified ("Phase One Class Members").   For the second phase, the Court approved the Parties' proposal to "jointly request permission from the Court to issue a subpoena to the military that requests the retirement or discharge dates" for additional employees who, based on Southwest's personnel records, self-identified as having served in the military.  *Id.*

WHEREAS, Southwest seeks to subpoena certain categories of documents from the DOD related to Phase One Class Members. Southwest believes that the DOD's data and information are relevant to the merits and alleged damages in this action, and the DOD's data and information is not reasonably available to the Parties.  This includes documents and information sufficient to show for each Phase One Class Member during the alleged liability period (i) the branch of military service, (ii) the begin and end dates of each period of military service recorded in the DOD's systems, (iii) whether those periods of military service were paid or unpaid, (iv) the amount of compensation for each period of paid military service, (v) gross annual compensation received for military service, and (vi) requests to reschedule periods of military service and whether the military granted the requests.

WHEREAS, Plaintiff seeks to require the DOD to respond to a deposition subpoena by written questions related to these categories of documents.  Plaintiff believes that the DOD's responses to these questions will provide necessary foundation for any documents or information the DOD produces, and assist the trier of fact in analyzing such documents or information.

WHEREAS, Plaintiff does not oppose Southwest's request for a subpoena of documents, and Southwest does not oppose Plaintiff's request for accompanying deposition by written questions.

WHEREAS, in order to facilitate phase two of the Class Notice Plan, the Parties agree to subpoena the DOD for the discharge dates of the approximately 2,000 employees who, based on Southwest's personnel records, self-identified as having served in the military.  *See* ECF 125 at 3.

WHEREAS, under the law governing federal administrative agencies, a subpoena to the DOD must be signed by a judge or magistrate.  *See* 5 U.S.C. § 552a(b)(11) ("No agency shall

1   disclose any record which is contained in a system of records by any means of communication to
2   any person, or to another agency, except pursuant to a written request by, or with the prior written
3   consent of, the individual to whom the record pertains" except under certain enumerated
4   conditions, including when the disclosure is made "pursuant to the order of a court of competent
5   jurisdiction." );  32 C.F.R. § 516.46(b)(1) ("[a]n 'order of the court' for the purpose of subsection 5
6   U.S.C. 552a(b)(11) is an order or writ requiring the production of the records, *signed by a judge or*
7   *magistrate*") (emphasis added).

8   　　　　WHEREAS, the Parties have agreed to supplement the Stipulated Protective Order
9   governing discovery in this case (ECF 34), to include a separate "Acknowledgment" regarding the
10  confidential treatment and handling of documents produced by the DOD in response to the
11  document subpoena.

12  　　　　**NOW, THEREFORE,** the Parties stipulate and agree as follows:

13  　　　　1.　　Southwest believes good cause exists for Judge Hamilton to sign the document
14  subpoena to the DOD attached hereto as **Exhibit 1**, to which Plaintiff consents.  Exhibit 1 includes
15  the six categories of documents related to Phase One Class Members (*see* Request Nos. 1-6) and
16  the single category of documents related to the discharge dates for potential class members who
17  self-identified as having served in the military (*see* Request No. 7).

18  　　　　2.　　Plaintiff believes good cause exists for Judge Hamilton to sign the subpoena for
19  deposition by written questions to the DOD attached hereto as **Exhibit 2**, to which Southwest
20  consents.  Exhibit 2  is the proposed deposition by written questions related to the documents that
21  DOD will produce in response to the document subpoena.

22  　　　　3.　　The Stipulated Protective Order governing discovery in this case (ECF 34) shall be
23  amended to include the "Acknowledgment and Agreement to be Bound Related to the Handling of
24  Military Records Produced Pursuant to a Subpoena in the *Huntsman* Litigation," attached to the
25  Stipulations as **Exhibit 3**.

| | | |
|---|---|---|
| Dated: | September 9, 2021 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |

*/s/ Brian D. Berry*
Brian D. Berry
Kristin Snyder Higgins

*Attorneys for Defendant*

Dated:   September 9, 2021    OUTTEN & GOLDEN LLP

*/s/ Michael J. Scimone*
Michael J. Scimone
Michael C. Danna

*Attorneys for Plaintiff and the Class*

Pursuant to Civil Local Rules, rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from its signatory.

Dated:   September 9, 2021    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*/s/ Brian D. Berry*
Brian D. Berry
Kristin Snyder Higgins

*Attorneys for Defendant*

**[PROPOSED] ORDER**

The Court, having considered the Parties' Joint Stipulation for Subpoena to the United States Department of Defense Signed by District Court Judge, and to Supplement the Protective Order Governing Discovery in this case ("Stipulation"), and having found good cause for the requested relief, hereby orders as follows:

1. The Court approves and authorizes the issuance of the document subpoena to the Department of Defense attached to the Stipulation as Exhibit 1. Attached to this order is a copy of the subpoena signed by the Honorable Phyllis J. Hamilton.

2. The Court approves and authorizes the issuance of the subpoena for deposition by written questions to the Department of Defense attached to the Stipulation as Exhibit 2. Attached to this order is a copy of the subpoena signed by the Honorable Phyllis J. Hamilton.

3. The Court approves the supplemental Acknowledgment of the Protective Order governing discovery, attached to the Stipulation as Exhibit 3.

DATED: September 13, 2021

_____
HON. PHYLLIS J. HAMILTON
United States District Judge

IT IS SO ORDERED
Judge Phyllis J. Hamilton

48122361.1

EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF CALIFORNIA

JAYSON HUNTSMAN, on behalf of himself and all others similarly situated )
*Plaintiff* )
v. ) Civil Action No. Case No. 4:19-cv-00083-PJH
)
SOUTHWEST AIRLINES CO., )
*Defendant* )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: US Department of Defense, 1235 South Clark Street, Arlinton, VA 22202

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attachments.

| Place: Electonically (or Ogletree Deakins 1909 K Street, N.W., Suite 100, Washington D.C. 20006) | Date and Time: ___/___/2021 @ 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___/___/2021

*UNITED STATES DISTRICT COURT JUDGE*

_____
*Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Southwest Airlines Co., , who issues or requests this subpoena, are:

Brian D. Berry, One Embarcadero Center, Suite 900, San Francisco, CA 94111 (brian.berry@ogletree.com)

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

# Attachment to Document Subpoena to Department of Defense

## DEFINITIONS

A. "ELECTRONIC DATA" means electronically stored information in Excel, .csv, or other standard data format.

B. "RELEVANT PERIOD" means October 10, 2004 through the present.

## INSTRUCTIONS

If ELECTRONIC DATA is not available to respond to a Request, please produce other documents sufficient to show the information in the Request.

## DOCUMENTS TO BE PRODUCED

**Requests Related to the Individuals in Exhibit A:**

Request No. 1: For each individual identified in **Exhibit A**, ELECTRONIC DATA sufficient to identify the branch of the military in which the individual served during the RELEVANT PERIOD.

Request No. 2: For each individual identified in **Exhibit A**, ELECTRONIC DATA sufficient to identify the begin date and end date for each period of military duty during the RELEVANT PERIOD. (By way of example, if a reservist attended two-day drills the first weekend of every month in 2019, the response should identify Jan. 5-6, 2019, Feb. 2-3, 2019, March 2-3, 2019, etc.)

Request No. 3: For each period of military duty identified in response to Request No. 2, ELECTRONIC DATA sufficient to identify whether the period of military duty was paid or unpaid by the military.

Request No. 4: For each period of paid military duty identified in response to Request No. 3, ELECTRONIC DATA sufficient to identify the amount of compensation paid by the military for each period of paid military duty.

<u>Request No. 5</u>:  For each individual identified in **Exhibit A**, ELECTRONIC DATA sufficient to identify the annual gross compensation received by the individual for military service during the RELEVANT PERIOD.

<u>Request No. 6</u>:  For each individual identified in **Exhibit A**, ELECTRONIC DATA sufficient to identify each request by an individual to reschedule any period of military duty, during the RELEVANT PERIOD, and whether the military granted the request.

**Requests Related to the Individuals in Exhibit B:**

<u>Request No. 7</u>:  For each individual identified in **Exhibit B,** ELECTRONIC DATA sufficient to identify the individual's most recent military discharge date. (Note that these dates may precede the RELEVANT PERIOD.)

48507001.1

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAYSON HUNTSMAN, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>　　　　Defendant. | **Case No. 4:19-cv-00083-PJH**<br><br>**DEPOSITION OF U.S. DEPARTMENT OF DEFENSE BY WRITTEN QUESTIONS** |

# DEPOSITION BY WRITTEN QUESTIONS

Pursuant to Rule 31 of the Federal Rules of Civil Procedure, Plaintiff Jayson Huntsman, by and through his attorneys, requests that the U.S. DEPARTMENT OF DEFENSE (hereafter "YOU" or "YOUR") respond in writing, under oath, and return YOUR responses to the undersigned counsel within 30 days of the service of these Questions.

## I.   INSTRUCTIONS

1. YOU should furnish such information as is available to the YOU, whether by personal knowledge or through YOUR employees, agents, or attorneys.

2. If YOU cannot answer any question fully, answer it to the fullest extent possible and specify what YOU are unable to answer and the reasons for the incomplete answer.

3. If YOU claim any form of privilege, please set forth the nature and basis for the privilege and a general description of the information which is claimed to be privileged.

4. If YOU object to any of the definitions or instructions, YOU should state such objection(s) in its response and indicate whether they are complying with the direction or instruction in spite of the objection. If the objection goes to only part of a Question, YOU should respond to the part of the Question that does not fall within the scope of the objection.

## II.   QUESTIONS

**QUESTION NO. 1:**

For each category of document or data set produced in response to the subpoena accompanying these Questions, identify the system(s) of record from which it originated.

**QUESTION NO. 2:**

For each system of record identified in response to Question No. 1, describe the primary purpose for which the data is maintained – e.g., payroll and benefits, retirement benefits, timekeeping, etc.

**QUESTION NO. 3:**

For any data – including spreadsheets or other data files – produced in response to the subpoena accompanying these Questions, identify each data field contained in the data and describe what information each data field reflects or contains.

**QUESTION NO. 4:**

For each system of record identified in response to Question No. 1, state whether such systems record and report every date on which a servicemember performs military service.

**QUESTION NO. 5**

For each system of record identified in response to Question No. 1, state whether such systems record and report dates on which a servicemember's scheduled military service was delayed, rescheduled, or canceled, as described in 20 C.F.R. § 1002.74(c).

**QUESTION NO. 6:**

For each system of record identified in response to Question No. 1, state whether such systems record and report dates on which a servicemember was traveling to another location to perform military service, as described in 20 C.F.R. § 1002.73.

**QUESTION NO. 7:**

For each system of record identified in response to Question No. 1, state whether such systems record and report dates on which a servicemember rested prior to or after performing military service, as described in 20 C.F.R. § 1002.74(b), (c).

Dated:  September 2, 2021              Respectfully submitted,
        New York, NY

                                        /s/ Michael J. Scimone
                                       Michael J. Scimone*
                                       Michael C. Danna*
                                       OUTTEN & GOLDEN LLP
                                       685 Third Ave., 25th Floor
                                       New York, NY 10017
                                       Tel: (212) 245-1000
                                       Email: mscimone@outtengolden.com
                                       Email: mdanna@outtengolden.com

                                       R. Joseph Barton (CA Bar No. 212340)
                                       BLOCK & LEVITON LLP
                                       1735 20th Street NW
                                       Washington, DC 20009
                                       Tel: (202) 734-7046
                                       Email: jbarton@blockesq.com

                                       Vincent Cheng (CA Bar No. 230827)
                                       BLOCK & LEVITON LLP
                                       100 Pine Street, Suite 1250

San Francisco, CA 94111
Tel: (415) 968-8999
Email: vincent@blockesq.com

Peter Romer-Friedman*
GUPTA WESSLER PLLC
1900 L St. NW, Suite 312
Washington, DC 20036
Tel: (202) 888-1741
Email: peter@guptawessler.com

Matthew Z. Crotty*
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave., Suite 404
Spokane, WA 99201
Tel: (509) 850-7011
Email: matt@crottyandson.com

Thomas G. Jarrard*
LAW OFFICE OF THOMAS G. JARRARD LLC
1020 N. Washington St.
Spokane, WA 99201
Tel: (425) 239-7290
Fax: (509) 326-2932
Email: Tjarrard@att.net

* Admitted *pro hac vice*

*Attorneys for Plaintiff and the Class*

EXHIBIT 3

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND RELATED TO THE HANDLING OF MILITARY RECORDS PRODUCED PURUSANT TO A SUBPOENA IN THE *HUNTSMAN* LITIGATION

I, _____ [*print or type full name*], of _____ [*print or type full address*], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [*date*] in the case of *Jayson Huntsman vs. Southwest Airlines Co.*, Case No. 4:19-cv-00083-PJH. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I understand that military leave records may contain sensitive personal information produced by the federal government pursuant to a subpoena in the above-captioned litigation. I solemnly promise that I will not disclose those records or information about them to any person or entity for any purpose that is not related to this litigation, including personnel matters unrelated to this litigation.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____